IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAVIN, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO.  05-547-GPM |
| | ) |
| WARDEN HULICK, et al., | ) |
| | ) |
|        Respondents. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner, currently an inmate in the Hill Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge a disciplinary proceeding in which he lost six months of good conduct credit.  This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

On July 23, 2003, while in the Pinckneyville Correctional Center, Petitioner's cell mate, Inmate Cunningham, handed a letter to Officer David Bassett.  The letter informed Bassett that Petitioner had a bag of pills hidden in his locker.  Bassett searched the cell and found the pills as reported; the pills were later determined to be a generic form of the pain medication Vicadin®, a

medication not available at Pinckneyville. Petitioner received a disciplinary ticket for possession of drugs; he was found guilty and punished with six months across the board, as well as the loss of contact visits for six months. In his defense, Petitioner claimed that Cunningham had planted the pills to set him up, as they had not been getting along.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983), *overruled in part by Sandin v. Conner*, 515 U.S. 472 (1995). In this case, Petitioner makes no claim that he was denied any of the procedural protections required by *Wolff*. Instead, he argues that he was not allowed to see the letter written by Cunningham nor was he provided with a copy of the drug analysis. He further argues that he should have been allowed to take a drug test and a lie detector test to establish his innocence. Essentially, these are claims regarding the sufficiency of the evidence, yet the Supreme Court has held that due process requires that the findings of the disciplinary tribunal need be supported only by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Ascertaining whether this standard is satisfied does not require

> examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 472 U.S. at 455-56.

In the record before the Court, there is clearly some evidence to support the finding of guilt. Regardless of how they came to be there, the pills were found in Petitioner's locker. With two inmates sharing the cell, and neither one admitting to possession of the pills, the evidence before the board easily supports its conclusion that the pills belonged to Petitioner. Therefore, after a thorough review of the petition and supporting exhibits, the Court finds that Petitioner was not deprived of any of his procedural due process rights in this situation.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED: 12/04/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge